**UNITED STATES DISTRICT COURT**

ORIGINAL

**DISTRICT OF MINNESOTA**

---

Signature Homes, a division of Charles Cudd Co.,

Plaintiffs

vs.

Denali Custom Homes, Inc., Krebs Drafting & Design, Inc. and Derek M. Zaugg and Jennifer M. Zaugg.

Defendants.

Case Number: 01-CV-1754 RHK/JMM

**STIPULATION AND ORDER TO AMEND ANSWER OF DEREK M. ZAUGG AND JENNIFER M. ZAUGG**

---

**STIPULATION**

Plaintiff Signature Homes, a division of Charles Cudd Co. ("Cudd"), Defendants Denali Custom Homes, Inc. ("Denali"), Krebs Drafting & Design, Inc. ("Krebs"), and Derek M. Zaugg and Jennifer M. Zaugg ("the Zauggs"), by and through their undersigned counsel, hereby stipulate and agree that the Zauggs may amend and serve their Answer under Fed. R. Civ. P. 15(a) in the form attached hereto as Exhibit A.

FILED FEB 0 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

N:\pl\pjl\171275.doc

Dated: Jan 31, 2002

**FABYANSKE, WESTRA & HART, P.A.**

By: Patrick J. Lee-O'Halloran

Dean B. Thomson (#141045)
Patrick J. Lee-O'Halloran (#269074)
920 Second Avenue South, Suite 1100
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR DEFENDANTS**

Dated: 2/1, 2002

**FELHABER LARSON FENLON & VOGT**

By: 

Robert L. Bach, Esq. (#3736)
Stephen E. Yoch, Esq. (#213901)
4200 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402-4302
(612) 339-6321
**ATTORNEYS FOR PLAINTIFF**

**ORDER**

Based upon the above stipulation of the parties and upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that Derek M. Zaugg and Jennifer M. Zaugg may serve their Amended Answer in the form attached hereto as Exhibit A.

Dated: 2/4, 2002

By: 

Judge John M. Mason
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Signature Homes, a division of Charles Cudd Co.,

Plaintiffs

vs.

Denali Custom Homes, Inc., Krebs Drafting & Design, Inc. and Derek M. Zaugg and Jennifer M. Zaugg.

Defendants.

Case Number: 01-CV-1754 RHK/JMM

**AMENDED ANSWER OF DEREK M. ZAUGG AND JENNIFER M. ZAUGG**

---

For their Amended Answer to Plaintiff's Complaint, Defendants Derek M. Zaugg and Jennifer M. Zaugg ("the Zauggs") state and allege as follows:

1. Except as otherwise answered or admitted, the Zauggs deny each and every allegation in the Complaint.

2. In response to the allegations contained in paragraph 1 of the Complaint, the Zauggs admit that the Complaint purports to state claims for copyright infringement and common law unjust enrichment, which claims are denied as set forth below.

3. The Zauggs are without information sufficient either to admit or deny the allegations contained in paragraphs 2 through 4 of the Complaint concerning jurisdiction, and therefore deny the same.

4. In response to the allegations contained paragraph 5 of the Complaint, the Zauggs admit only that venue is proper if the court has jurisdiction.



tabbies EXHIBIT A

5. The Zauggs are without information sufficient either to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore deny the same.

6. The Zauggs admit the allegations contained in paragraphs 7, 8, and 9 of the Complaint.

7. The Zauggs are without information sufficient either to admit or deny the allegations contained in paragraphs 10, 11 or 12 of the Complaint, and therefore deny the same.

8. The Zauggs admit the allegations contained in paragraph 13 of the Complaint, except the allegation regarding "design" which word Plaintiff needs to clarify before Defendants the Zauggs have information sufficient either to admit or deny said allegation.

9. The Zauggs are without information sufficient either to admit or deny the allegations contained in paragraphs 14 through 17 of the Complaint, and therefore deny the same.

10. The Zauggs deny the allegations contained in paragraph 18 of the Complaint.

11. The Zauggs are without information sufficient either to admit or deny the allegations contained in paragraph 19 of the Complaint, and therefore deny the same.

12. In response to the allegations contained in paragraph 20 of the Complaint, the Zauggs admit only that they toured numerous homes, including a Cudd property, prior to deciding what ideas or features to use in their home. The Zauggs deny the balance of the allegations in said paragraph 20, and further deny any utilization of Cudd's plans.

13. The Zauggs are without information sufficient either to admit or deny the allegations contained in paragraph 21, and therefore deny the same, and to the extent paragraph 21 is intended to state allegations against the Zauggs, they further deny that they willfully infringed on Cudd's Sheffield design or Cudd's alleged copyright therein.

14. The Zauggs deny the allegations contained in paragraph 22 of the Complaint.

15. The Zauggs answer the allegations realleged in paragraph 23 of the Complaint in the same manner that they have answered those allegations above.

16. The Zauggs are without information sufficient either to admit or deny the allegations contained in paragraph 24 and therefore deny the same.

17. The Zauggs deny the allegations contained in paragraphs 25 and 26 of the Complaint, and further specifically deny that they utilized any of Cudd's plans.

18. The Zauggs answer the allegations realleged in paragraph 27 of the Complaint in the same manner that they have answered those allegations above.

19. In response to paragraph 28 of the Complaint, the Zauggs admit only that the Complaint purports to state a claim for unjust enrichment under the common laws of Minnesota, but deny those claims.

20. The Zauggs deny the allegations contained in paragraph 29 of the Complaint.

**AFFIRMATIVE DEFENSES**

21. The Complaint fails to state a claim upon which relief can be granted.

22. Plaintiff is estopped from asserting the claims in the Complaint.

23. Plaintiff has waived asserting the claims contained in the Complaint.

24. The Complaint is barred by applicable statutes of limitation, statutes of repose and the doctrine of laches.

25. Plaintiff's claims are barred by the doctrine of unclean hands.

26. Plaintiff's claims are barred by Plaintiff's own contributory negligence and assumption of risk.

27. Plaintiff failed to mitigate its claimed damages.

28. Plaintiff's alleged copyrighted design lacks sufficient originality to be protected by United States copyright laws. Plaintiff's alleged copyrighted design contains features that are in the public domain.

29. Plaintiff's alleged derivative works are not protected by United States copyright laws.

WHEREFORE, the Zauggs pray that Plaintiff take nothing by its purported causes of action, and that the case be dismissed with prejudice and on the merits, and that judgment be rendered for the Zauggs and against Plaintiff, and that the Zauggs be awarded their costs, expenses, disbursements and attorney's fees incurred herein, including such other relief as the court determines is just, proper and equitable.

Dated: _________________, 2002

**FABYANSKE, WESTRA & HART, P.A.**

By:_________________________________

Dean B. Thomson (#141045)
Patrick J. Lee-O'Halloran (#269074)
920 Second Avenue South, Suite 1100
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR DEFENDANTS**