**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Case Number: 01-CV-1754 (RHK/JMM)**

Signature Homes, a division of Charles Cudd Co.,

Plaintiff,

vs.

Denali Custom Homes, Inc., Krebs Drafting & Design, Inc. and Derek M. Zaugg and Jennifer M. Zaugg,

Defendants.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Upon stipulation of the parties for entry of a protective order and it appearing to the Court that such an order is necessary and for good cause shown,

IT IS HEREBY ORDERED THAT:

I. The scope and definitions in this Order are as follows:

A. This Order shall apply to "Material," i.e., all documents, records, tangible materials, testimony, responses to discovery, and other information, produced, served, disclosed, or filed, without limitation, all copies, excerpts, and summaries in connection with this action.

B. This Order shall apply to: (1) the Parties to this action; (2) counsel of record for the Parties, members of their firms, associate attorneys, and paralegal, clerical, and other regular employees of counsel of record; (3) officers of the court, including court reporters, jurors, and court personnel; (4) consultants and other experts reasonably necessary for the preparation and trial of the case; and (5) any person who is necessary for the prosecution or defense of the case and who agrees in writing to be bound by the terms of this Order.



APR 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

C. "Confidential" Material shall be any Material a Party or third party believes in good faith to contain trade secrets or information that would be competitively harmful if disclosed to a non-party.

D. "Highly Confidential" Material shall be any material believed in good faith to contain trade secrets or information that would be competitively harmful if disclosed to anyone.

E. "Confidential" or "Highly Confidential" Material shall be subject to this Order.

F. This Order shall not apply to Material within public knowledge, or which, after disclosure, comes within public knowledge other than by act or omission of a person receiving the Material or its agents, employees, consultants, or attorneys.

G. Material sought from any third parties pursuant to subpoenas may be made subject to this Order, if the third party makes a request in good faith.

H. The "Parties" (or "Party") shall be defined as Signature Homes, a division of Charles Cudd Co., Defendants Denali Custom Homes, Inc., Krebs Drafting & Design, Inc. Derek M. Zaugg and Jennifer M. Zaugg, including their counsel, consultants, experts, or employees.

II. Confidential Material shall be subject to the following restrictions:

A. Confidential Material shall be used only for the preparation and trial of this action (including appeals) and for no other purpose, and shall not be given or disclosed to anyone except those specified in subparagraph II.B.

B. Confidential Material may be disclosed only to:

(1) Counsel of record for the Parties in this action, members of their firms, associate attorneys, paralegal, clerical, and other regular employees of counsel and in-house counsel.

(2) Employee representatives for each of the Parties, as necessary to provide assistance for the preparation and trial of this action.

(3) The Court, court personnel, and court reporters.

(4) Consultants or experts reasonably necessary for the preparation and trial of the case.

(5) Any other person to whom the Parties agree in writing.

C. Confidential Material in the possession of any person authorized to have it, other than counsel of record shall be kept in a secure location.

D. Designation as "Confidential" shall not preclude the designating party from giving or disclosing the Material to any person for any reason.

III. Highly Confidential Material shall be subject to the following restrictions:

A. "Highly Confidential" Material shall be used only for the preparation and trial of this action (including appeals) and for no other purpose and shall not be given or disclosed to anyone except those specified in subparagraph III.B.

B. Highly Confidential Material may be disclosed only to:

(1) Outside counsel of record for the Parties in this action, members of their firms, associate attorneys, paralegal, clerical, and other regular employees of counsel.

(2) The Court, court personnel, and court reporters.

(3) Non-party consultants or experts reasonably necessary for the preparation and trial of the case.

(4) Either Party may seek leave of Court to disclose Highly Confidential Material to employees/representatives of a Party.

(5) Any other person to whom the designating party agree in writing.

C. Highly Confidential Material in the possession of any person authorized to have it other than counsel of record shall be kept in a secure location.

D. All submissions to the Court which incorporate or disclose Highly Confidential Material shall be labeled and filed with the Clerk and submitted to the Court in a sealed container with the caption of this action and the words "Sealed - Subject to Protective Order."

IV. A. Each person to be given access to Confidential or Highly Confidential Material pursuant to this Order (except those to whom disclosure has been made pursuant to subparagraphs II.B.(1) and (3) and subparagraphs III.B.(1) and (2)) shall be provided with a copy of this Order and shall be told that: (1) the Confidential or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other

than pursuant to the terms of it; and (2) that the violation of the terms of the Order may subject the person to punishment for contempt of a Court Order.

B. Any person given access to Confidential or Highly Confidential Material must first read the Confidentiality Stipulation and Protective Order, and must agree in writing, in the form attached as Exhibit A, to be bound by this Order and to be subject to the jurisdiction of this Court for enforcement of this Order. An executed copy of the agreement shall be retained by counsel giving access to the Confidential or Highly Confidential Material.

C. If Confidential or Highly Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objection may also be made orally. Pending resolution of objections, no disclosure of Confidential or Highly Confidential Material may be made.

V. Confidential and Highly Confidential Material shall be designated as follows:

A. In the case of documents or non-written materials such as videotape or computer diskettes, designation shall be made prior to delivery of copies by marking the document or non-written material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," on each page containing Confidential or Highly Confidential Material.

B. All documents produced for inspection shall be treated as Highly Confidential Material until copies are produced. Once specific documents have been selected for copying, any document containing Confidential or Highly Confidential designation may be marked before delivery to the Party who inspected and selected the documents.

C. A Party shall not waive the right to designate documents as Confidential or Highly Confidential by reason of making the documents available for inspection before they are copied and marked pursuant to this procedure.

D. In the case of written discovery responses, designation shall be made by placing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," on each page of any such response with the information asserted to be Confidential or Highly Confidential Material.

E. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential or Highly Confidential Material shall be made by a statement on the record before the end of each day in which the deposition is concluded, or by a statement in writing sent to all counsel within thirty (30) days after receipt of the transcript.

F. If the designation is made during a deposition, only persons to whom disclosure of Confidential or Highly Confidential Material is permitted under Section II or III of this Order shall remain present while Confidential or Highly Confidential Material is being used or discussed.

VI. A. No Party concedes that any Material designated by any other person as Confidential or Highly Confidential Material contains trade secrets or nonpublic, commercial, financial, or business information, or has been properly designated as Confidential or Highly Confidential Material.

B. A Party may challenge a designation of confidentiality at any time on notice to counsel for the parties to this Order. They shall first attempt to reach agreement without resort to the Court. The material in issue shall be treated as designated until the Court orders otherwise.

C. Any designating party may, at any time, withdraw the designation of "Confidential" or "Highly Confidential" Material.

D. This Order may be altered or modified by agreement of both Parties in writing, including on a transcript.

VII. Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client or relying on his or her examination or knowledge of "Highly Confidential" Material; except that in rendering advice and in communicating with his or her client, the attorney shall not disclose the contents of any Highly Confidential Material, to any person not authorized to receive it under the terms of this Order.

X. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

XI. At the conclusion of this action, including any appeals counsel for the Parties shall request the Court Clerk's office remove from the files maintained by the Clerk all documents filed under seal in this action, including all pleadings and transcripts. Unless otherwise agreed, counsel for each Party shall receive from the Clerk the documents filed under seal on behalf of his clients. The Clerk shall deliver to counsel all documents filed under seal.

XII. Within sixty (60) days following the conclusion of this action, including any appeals, all material designated as, or reflecting, Confidential or Highly Confidential Material and all copies of them, including all copies shall be returned by counsel or alternatively be destroyed with a certificate provided from the attorney of record certifying destruction.

XIII. Each Party and person bound by this Order may move for modification of this Order for good cause on notice in writing to the Parties. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

XIV. Production or disclosure of Confidential or Highly Confidential Material under this Confidentiality Stipulation and Protective Order shall not prejudice the right of any person making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts.

XV. Nothing in this Order shall affect in any way the admissibility of any document, tangible thing, testimony, or other evidence at trial.

XVI. Nothing in the Order shall restrict the right of any Party to object to the disclosure of information otherwise non-discoverable pursuant to Federal or State statute or regulation, or to seek a protective order preventing disclosure or limiting discovery of confidential information.

XVII. If another court, administrative or governmental agency, or other non-party to this Order requests, subpoenas or orders production of confidential documents that a party has obtained under the terms of this Order (including requests under either Federal or State Freedom of Information Act statutes or regulations), such party shall advice all counsel of the intended disclosure by writing actually delivered at least ten (10) business days prior to the date of that disclosure. If any Party objects to such disclosure, no disclosure shall be made until the Party intending to make disclosure has obtained an order from this Court permitting such disclosure.

The Parties, by and through counsel, stipulate and respectfully request that the Court enter this Order in the form presented.

Dated: 4/15, 2002

**FELHABER, LARSON, FENLON & VOGT, P.A.**

By: ______________________

Robert L. Bach (#3736)
Stephen E. Yoch (#213901)
Daniel R. Kelly (#247674)
225 So. Sixth Street, Suite 4200
Minneapolis, Minnesota 55402-4302
(612) 339-6321

ATTORNEYS FOR PLAINTIFF

Dated: Apr. 13, 2002

**FABYANSKE, WESTRA & HART**

By: ______________________

Patrick Lee-O'Halloran (#269074)
920 Second Avenue South, Suite 1100
Minneapolis, MN 55402
(612) 338-0115

ATTORNEYS FOR DEFENDANTS

**ORDER**

This foregoing Confidentiality Stipulation and Protective Order is hereby approved and entered.

Dated: April 12, 2002

The Honorable John M. Mason

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Case Number: 01-CV-1754 (RHK/JMM)**

Signature Homes, a division of Charles Cudd Co.,

Plaintiff,

vs.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Denali Custom Homes, Inc., Krebs Drafting & Design, Inc. and Derek M. Zaugg and Jennifer M. Zaugg,

Defendants.

1. I have been requested by counsel for ______________________________ to review certain material which I have been informed is "Confidential" or "Highly Confidential" Material within the terms of the Confidentiality Stipulation and Protective Order issued by the court in the above-entitled action.

2. I have read the Confidentiality Stipulation and Protective Order entered in this action. I am familiar with the provisions of the Confidentiality Stipulation and Protective Order and agree to abide by them. I agree not to disclose any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Stipulation and Protective Order against me in this action and understand that I may be found in contempt of Court if I violate this Agreement.

4. I understand and agree that my obligations under this Agreement and the Confidentiality Stipulation and Protective Order will survive and continue beyond the termination of this action.

________________________________________

________________________________________
(Printed Name)

STATE OF ______________ )
) ss.
COUNTY OF _____________ )

The foregoing instrument was acknowledged before me this ___ day of __________, 2002, by _____________________.

________________________________________
Notary Public
My Commission Expires: ______________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.